**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**DAYTON DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL R. BUNCH, on behalf of himself and all others similarly situated, | : : : : | Case No.: |
| Plaintiff, | : : | |
| v. | : : | Judge: |
| CATERPILLAR LOGISTICS, INC. | : : : | |
| Defendant. | : : : | |

---

## 29 U.S.C. § 216(b) AND FRCP 23 CLASS ACTION COMPLAINT

Michael R. Bunch ("Named Plaintiff"), for his Complaint against Defendant Caterpillar Logistics, Inc. ("Defendant"), brings this action to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 et seq. on behalf of all similarly situated employees in Ohio.

Named Plaintiff brings the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief on behalf of himself and all Ohio employees pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

### I.    PARTIES AND JURISDICTION

1.     Named Plaintiff Michael R. Bunch ("Plaintiff") is an adult individual residing at 304 N. Walnut Street Englewood, Ohio 45322.

2.　　Defendant Caterpillar Logistics, Inc. ("Defendant") is a for-profit Delaware Corporation whose corporate headquarters is at 500 North Morton Avenue, Morton, Illinois 61550 that is registered to do business in the state of Ohio and that operates a distribution center in Clayton, Ohio, Montgomery County. Process may be served upon its Registered Agent, Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215

3.　　Named Plaintiff was formerly employed by Defendant for over four (4) years, until approximately July 19, 2023, when he was unlawfully terminated in response to pursuing a Worker's Compensation claim against Defendant following a workplace injury. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

4.　　This Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because it asserts claims under the Fair Labor Standards Act ("FLSA").

5.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims share a common nucleus of operative fact and arises out of the same occurrence as the federal claims.

6.　　Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the Complaint occurred herein at the Clayton, (Montgomery County) Ohio Caterpillar distribution center.

## II.　**FACTUAL ALLEGATIONS**

7.　　At all times material to this Complaint, Defendant was an employer within the meaning of the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

8.　　During all times material to this Complaint, Defendant employed Named Plaintiff, and, upon information and belief, those similarly situated to him, within the meaning of the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

9.     During all times material to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him, were Defendant's employees pursuant to the FLSA, Ohio Wage Act, the OPPA and O.R.C. § 2307.60.

10.     During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11.     During all times material to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him, were non-exempt employees as that term is defined by the FLSA and the Ohio Wage Act.

12.     During all times material to this Complaint, Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him, would regularly work in excess of forty (40) hours in a work week.

13.     During all times material to this Complaint, Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him, were entitled to be paid for all hours worked in excess of forty (40) in a workweek at one and one-half times the appropriate regular rate.

14.     During all times material to this Complaint, based on Defendant's companywide policy, Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him, were paid a shift incentive called "Night Shift" for working the night shift.

15. During all times material to this Complaint, based on Defendant's companywide policy, Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him were paid nondiscretionary Performance Bonuses on or about the end of each quarter.

16. During all times material to this Complaint, based on Defendant's companywide policy, Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him expected the Performance Bonuses because they were tied in large part to their work output, calculated on a predetermined basis, and paid on a regular schedule.

17. During all times material to this Complaint, and based on companywide policy, Defendant failed to pay Named Plaintiff and, upon information and belief, those non-exempt employees similarly situated to him at the appropriate regular rate for all hours worked over forty (40) in a workweek because Defendant did not include: "Night Shift" incentive and the quarterly nondiscretionary Performance Bonuses when calculating the "regular rate."

18. During all times material to this Complaint, Defendant lacked a good faith basis for failing to include the "Night Shift" incentive and the quarterly nondiscretionary Performance Bonuses when calculating the non-exempt employees' "regular rate."

19. During all times material to this Complaint, Defendant's failure to include the "Night Shift" incentive and the quarterly nondiscretionary Performance Bonuses when calculating the non-exempt employees' "regular rate" was willful because Defendant knew and/or showed reckless disregard for whether their companywide policy was prohibited by the FLSA and the Ohio Wage Act.

### III.   COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

20.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

21.     Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of Ohio current and former employees defined as:

> **All non-exempt employees employed by Caterpillar Logistics, Inc. at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgement who worked at least 40 hours in any one workweek and received "Night Shift" pay and/or Performance Bonuses. ("Employees Entitled to Notice" or "Those Similarly Situated")**

22.     Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice group they seek to have the Court serve notice based upon further investigation and discovery.

23.     The precise size and identity of the proposed Employees Entitled to Notice group members should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

24.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

25.     Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them their overtime compensation using the correct "regular rate."

26.     Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled overtime compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

27.     The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

28.     Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

29.     Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

30.     Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

31.     Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay entitled overtime compensation for all hours worked.

32.     As a result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

33.     Named Plaintiff brings his Ohio Wage Acts and OPPA claims pursuant to Fed. R.

Civ. P. 23, on behalf of himself and a class of persons consisting of:

> **All non-exempt Ohio employees employed by Caterpillar Logistics, Inc. at any time within the period of three (3) years preceding the filing of this Complaint through the date of judgement who worked at least 40 hours in any one workweek and received Night Shift pay and/or Performance Bonuses. ("Rule 23 Class")**

34.     Named Plaintiff reserves the right to amend and refine the definition of the Rule 23

Class they seek to represent based upon further investigation and discovery.

35.     The number and identity of the Rule 23 Class are ascertainable from Defendant's

records. For the purpose of notice and other purposes related to this action, their names, addresses,

email addresses, and phone numbers are readily available from Defendant. Notice can be provided

by means permissible under the Federal Rule of Civil Procedure 23.

36.     The Rule 23 Class is so numerous that joinder of all members is impracticable, and

the disposition of their claims as a class will benefit the parties and the Court.

37.     Named Plaintiff's claims are typical of those claims which could be alleged by any

Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each

Ohio Acts Rule 23 Class member in separate actions.

38.      Named Plaintiff and the Rule 23 Class members were subject to the same corporate

practices of Defendant, as alleged herein, of failing to include the "Night Shift" incentive and the

quarterly nondiscretionary Performance Bonuses when calculating the "regular rate."

39.     Named Plaintiff and the Rule 23 Class members have all sustained similar types of

damages as a result of Defendant's failure to comply with the Ohio Wage Act and the OPPA.

40.     Named Plaintiff and the Rule 23 Class members have all been injured in that they

have been uncompensated due to Defendant's common policy, practice, and willful conduct.

Defendant's corporate wide policies, practices and willful conduct affected the Rule 23 Class

similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

41.     Named Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

42.     Named Plaintiff is able to protect the interests of the Rule 23 Class members and has no interests antagonistic to the Rule 23 Class fairly and adequately.

43.     Named Plaintiff and the Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

44.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

45.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

46.     Common questions of law and fact exist as to the Named Plaintiff and the Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Rule 23 Class members individually and include, but are not limited to:

    a.  Whether Defendant failed to pay the Named Plaintiff and the Rule 23 Class members the proper "regular rate" when calculating their overtime pay.

    b.  Whether the wages owed to the Named Plaintiff and the Rule 23 Class members remain unpaid for more than thirty (30) days.

    c.  Whether Defendant's companywide decision to not pay the Named Plaintiff and the Rule 23 Class members the proper "regular rate" when calculating their overtime pay was willful and without a good faith basis.

     d.   The nature and extent of class-wide injury and the measure of damages for those injuries.

47.    Named Plaintiff and the Rule 23 Class members have been damaged by Defendant's willful refusal to use the proper "regular rate" when calculating their overtime pay and to make that payment within thirty (30) days of the works' performance.

48.    As a result of Defendant's Ohio Wage Act and OPPA violations, Named Plaintiff and the Rule 23 Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

**IV.    <u>CAUSES OF ACTION</u>**

<u>**COUNT I**</u>
**VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA**

49.    Named Plaintiff re-alleges and incorporates by reference, the allegations set forth in the preceding paragraphs.

50.    Named Plaintiff asserts this claim on behalf of himself and Employees Entitled to Notice by filing a consent form pursuant to 29 U.S.C. § 216(b).

51.    At all times material to this Complaint, Defendant was subject to the FLSA and employed Named Plaintiff, and upon information and belief, the Employees Entitled to Notice pursuant to the FLSA.

52.    At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Employees Entitled to Notice were non-exempt employees entitled to FLSA coverage.

53.    At all times material to this Complaint, Defendant regularly employed Named Plaintiff and, upon information and belief, the Employees Entitled to Notice, to work more than forty (40) hours in a workweek.

54.     At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Employees Entitled to Notice were entitled to receive time and a half their "regular rate" for hours worked in excess of forty (40) in a workweek.

55.     The FLSA requires all compensation for hours worked, services rendered, or performance be included in the "regular rate."

56.     Defendant willfully subjected Named Plaintiff and, upon information and belief, the Employees Entitled to Notice, to a companywide policy that did not include all renumeration for employment paid to them, or on their behalf as part of their "regular rate" as required by the FLSA.

57.     Defendant failed to include all income and non-discretionary bonuses Named Plaintiff, and, upon information and belief, the Employees Entitled to Notice, earned in a workweek in the calculation of their "regular rate."

58.     Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

59.     In violating the FLSA, Defendant, lacking a good faith basis, acted willfully with reckless disregard for clearly applicable FLSA provisions.

## <u>COUNT II</u>
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OHIO WAGE ACT

60.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

61.     Named Plaintiff asserts this Ohio Wage Act claim on behalf of himself and Rule 23 Class.

62. At all times material to this Complaint, Defendant was subject to the Ohio Wage Act and employed Named Plaintiff, and upon information and belief, the Rule 23 Class pursuant to the Ohio Wage Act.

63. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Rule 23 Class were non-exempt employees entitled to Ohio Wage Act coverage.

64. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and, upon information and belief, the Rule 23 Class, to work more than forty (40) hours in a workweek.

65. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Rule 23 Class were entitled to receive time and a half their regular rate for hours worked in excess of forty (40) in a workweek.

66. The FLSA and the Ohio Wage Act require all compensation for hours worked, services rendered, or performance be included in the "regular rate."

67. Defendant willfully subjected Named Plaintiff and, upon information and belief, the Rule 23 Class, to a companywide policy that did not include all renumeration for employment paid to them, or on their behalf as part of their "regular rate" as required by the FLSA and the Ohio Wage Act.

68. Defendant failed to include all income and non-discretionary bonuses Named Plaintiff, and, upon information and belief, the Employees Entitled to Notice, earned in a workweek in the calculation of their "regular rate."

69. Named Plaintiff, and, upon information and belief, the Rule 23 Class, are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act.

70.   In violating the Ohio Wage Act, Defendant, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable Ohio Wage Act provisions.

**COUNT III**
**VIOLATION OF THE OHIO PROMPT PAY ACT**

71.   Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

72.   Named Plaintiff asserts this claim on behalf of himself and the Rule 23 Class.

73.   At all times relevant to this Complaint, Defendant employed Named Plaintiff and the Rule 23 Class within the meaning of the OPPA and was subject to its compliance.

74.   The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month.

75.   At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and, upon information and belief, the Rule 23 Class, all owed overtime wages at one-and-a-half times their normal hourly rate, within thirty (30) days of performing the work.

76.   Named Plaintiff's and, upon information and belief, Rule 23 Class', wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77.   Defendant's violations of the OPPA have been a willful, intentional, and a bad faith disregard of the OPPA's provisions.

**COUNT IV**
**CIVIL PENALITES FOR CRIMINAL ACTS**
**O.R.C. § 2307.60**

78.   Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

79.     Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice from the state of Ohio.

80.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

81.     By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiff and the Employees Entitled to Noice from the state of Ohio were injured as a result.

82.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

83.     As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Noice from the state of Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself, the Employees Entitled to Notice, and the Rule 23 Class, pray that this Court enter the following relief:

A.     For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B.     For an Order certifying the Ohio Acts Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members.

C.     In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue

an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D.     Issuing proper notice to the Employees Entitled to Notice at Defendant's expense.

E.     Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit.

F.     An Order certifying an Ohio Acts Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23.

G.     Designation of the Named Plaintiff as representative of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel.

H.     A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA.

I.     Awarding Named Plaintiff and the Ohio Acts Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

J.     A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA, the Ohio Wage Act and the OPPA.

K.     Compensatory and punitive damages under O.R.C. § 2307.60.

L.     Awarding pre-judgment and post-judgment interest.

M.     An award of prejudgment and post-judgment interest.

N.     An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

O.     Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice who join this lawsuit, and the Ohio Acts Rule 23 Class members may be entitled.

Dated: January 30, 2024

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

/s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorneys for Plaintiffs*